# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 27, 2018

Stephen J. Markman,
Chief Justice

Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein
Kurtis T. Wilder
Elizabeth T. Clement,
Justices

156408

PEOPLE OF THE STATE OF MICHIGAN,
            Plaintiff-Appellant,

v

KEVIN PATRICK KAVANAUGH,
            Defendant-Appellee.

SC: 156408
COA: 330359
Berrien CC: 2014-004247-FH

_____/

On November 19, 2018, the Court heard oral argument on the application for leave to appeal the July 6, 2017 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the questions presented should be reviewed by this Court.

WILDER, J. (*concurring in part and dissenting in part*).

I concur in denying appellant's application for leave to appeal, but dissent from the majority's decision to leave intact those aspects of the published Court of Appeals opinion holding or implying that when the trial court's findings are based in part on facts established by video evidence, a trial court's factual findings are entitled to less deference on appellate review. Instead, I would reiterate that factual findings of the trial court are reviewed for clear error. MCR 2.613(C); *People v Bylsma*, 493 Mich 17, 26 (2012) ("A ruling is clearly erroneous if the reviewing court is left with a definite and firm conviction that the trial court made a mistake.") (quotation marks and citation omitted).

The Court of Appeals judgment states in part that "we need not rely on the trial court's conclusions as to what the videotape contains." *People v Kavanaugh*, 320 Mich App 293, 298 (2017). In the present case, the trial court declined to review the video before ruling on defendant's motion to suppress. It is also unclear from the record the degree to which the trial court relied on the video evidence in denying defendant's renewed motion to suppress. In my judgment, because there is uncertainty regarding whether the trial court made factual findings based on the video, to the extent the trial court's factual findings were based on the video, the Court of Appeals could not have

reviewed those factual findings for clear error. Therefore, the Court of Appeals' assertion that it "need not rely on the trial court's conclusions as to what the videotape contains" is obiter dictum that creates confusion about the appropriate standard of review of trial court factual findings. I believe that this statement is best vacated to avoid allowing an erroneous statement of law to have precedential effect pursuant to MCR 7.215(C)(2).

MARKMAN, C.J., joins the statement of WILDER, J.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 27, 2018



Clerk

p1226